## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1-06-CR-0150** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **FRANCIS KENCIL REYES** | : | |

## <u>MEMORANDUM</u>

Presently before the court is defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]  Defendant asserts that he received ineffective assistance of counsel in violation of his Sixth Amendment rights under the United States Constitution.  (Doc. 140 at 4.)  Specifically, defendant claims that he received ineffective assistance of counsel because he was not apprised of the

---

[1] <u>See</u> 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a [district] court . . . claiming . . . that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

nature and elements of the offense to which he pled guilty.[2]  (Id.)  Because the record

contradicts defendant's claim, the court will deny defendant's motion.

## I.    Factual Background

On August 23, 2006, a grand jury returned a superseding indictment charging

defendant Francis K. Reyes (then known as Henry Castillo) with conspiracy to

distribute and possess with intent to distribute heroin and cocaine hydrochloride in

violation of 21 U.S.C. § 846 and traveling in interstate commerce with intent to

promote, manage, establish, and carry on unlawful activity in violation of 21 U.S.C. §

1952(a)(3).  (Doc. 82 at 1-2.)  After the superseding indictment was filed, defendant

---

[2] The court notes that defendant also contends that an evidentiary hearing is needed to establish that the claims alleged in his § 2255 motion, memorandum, and affidavit in support are true. (See Doc. 140 at 4.)  Generally, a court must hold an evidentiary hearing on an ineffective assistance claim if "the defendant has alleged facts which, if proved, would entitle the defendant to relief and an evidentiary hearing is necessary to establish the truth of those allegations."  United States v. Barber, 808 F. Supp. 361, 381 (D.N.J. 1992) (citing 28 U.S.C. § 2255 and Wells v. Petsick, 941 F.2d 253, 259 (3d Cir. 1991)).   However, an evidentiary hearing is not required when "the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." United States v. McCoy, 410 F.3d 124, 134 (3d Cir. 2005) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).  Given the court's conclusion that defendant's position is contradicted by the record, see infra Part II, the court will deny defendant's request for an evidentiary hearing.  The court further notes that defendant's reply brief (Doc. 144) addresses several unsworn and unsubstantiated allegations pertaining to Attorney Hughes' conduct.  These allegations are not evidence and are insufficient to establish a right to an evidentiary hearing.  See Brown v. United States, 45 F. App'x 92, 95 (3d Cir. 2002) (finding that the defendant's "unsworn, unsupported allegations in the face of a clear record conveying contrary information [did] not give rise to a right to a[n evidentiary] hearing").

negotiated a plea agreement with the government.  (See Doc. 95.)  On October 30,

2006, he pled guilty to the conspiracy charge.  (See Doc. 82.)

At his plea hearing, defendant was asked by the court whether he was

satisfied with his attorney's representation, and he answered in the affirmative.

(Doc. 136 at 5.)  Furthermore, defendant confirmed that his attorney fully explained

the terms and conditions of the plea agreement and that he had sufficient time to

speak with his attorney. (Id. at 7.)  At no time during the hearing did defendant

express displeasure with his attorney. (Id.)

The court sentenced defendant on May 2, 2007 to 120 months of imprisonment

to be followed by three years of supervised release.  (Doc. 137.)  On May 1, 2008,

defendant filed the instant motion to vacate, set aside, or correct sentence pursuant

to 28 U.S.C. § 2255.  (Doc. 142.)

## II.    Discussion

Defendant alleges that Attorney Evan T. Lisinichia Hughes provided

ineffective assistance by failing to apprise him of the nature and elements of the

offense to which he pled guilty. (Doc. 140.)  In Strickland v. Washington, 466 U.S. 688

(1984), the Unites States Supreme Court articulated the two-pronged test for

ineffective assistance of counsel claims.  To prevail on an ineffective assistance

claim, a defendant must establish both: (1) that counsel's performance failed to meet

reasonable standards of professional conduct, and (2) that the defendant was

prejudiced by counsel's deficient performance. Id. at 687-88, 692.

Reasonable standards of professional conduct dictate that an attorney advise his or her client of the nature and elements of the offense charged so that the client may enter a knowing and voluntary plea.  This stems from Federal Rule of Criminal Procedure 11(b)(1)(G)'s requirement that a court must determine whether the defendant understands "the nature of each charge to which [he or she] is pleading" before accepting a guilty plea, as well as from the constitutional mandate that a guilty plea be entered "voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" United States v. Lessner, 498 F.3d 185, 192 (3d Cir. 2007) (quoting Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005)).  In order to satisfy the first prong of the Strickland test, defendant must establish that Attorney Hughes did not inform him of the nature and elements of the offense to which he pled guilty.[3]

In the instant case, the court instructed defendant during his plea hearing that he could interrupt the proceeding at any point if he needed to consult with his attorney.  (See Doc. 136 at 4.)  The court asked whether defendant was satisfied with his attorney, whether the terms and conditions of the plea agreement were fully explained, and whether defendant had sufficient time to consult with his attorney. (Id. at 5, 7.)  Defendant answered all of these questions in the affirmative.  While

---

[3] Where a defendant asserts that he or she was unaware of the elements of the offense, courts look to the "totality of the circumstances . . . considering factors such as the complexity of the charge, the age, intelligence, and education of the defendant, and whether the defendant was represented by counsel."  United States v. Cefaratti, 221 F.3d 502, 508 (3d Cir. 2000).

defendant maintains that he was instructed by his attorney to answer every question during the plea hearing in the affirmative (see Doc. 140, Ex. 2), the evidence of record contradicts this self-serving assertion because defendant answered several of the court's questions in the negative and asked for further clarification on a number of occasions. (See Doc. 136 at 9, 11, 18; Doc. 142 at 9.)  The court also asked defendant whether he had "any questions . . . about anything that appear[ed] in [his] plea agreement," and defendant replied in the negative. (Doc. 136 at 15.)  After a thorough colloquy, the court found that defendant's plea was knowing and voluntary and "supported by an independent basis in fact, containing each of the essential elements pled to."  (Id. at 19.)

Aside from his self-serving assertion, defendant proffers no evidence that he was uninformed of the elements of the offense to which he pled guilty, nor does the record contain any evidence that would support this claim.  Defendant never suggested that he was unaware of the nature or elements of the offense and the court used best efforts to inquire as to defendant's knowledge and understanding of the proceedings.  (Docs. 136, 137.)  Looking at the totality of the circumstances, defendant has not satisfied the requirement to establish that counsel's performance failed to meet reasonable standards of professional conduct because there is no evidence that supports his claim that he was uninformed of the nature or elements of the offense. See United States v. Cefaratti, 221 F.3d 502, 508 (3d Cir. 2000).  To the contrary, the evidence of record shows that defendant repeatedly admitted under oath that

Attorney Hughes had explained the nature and elements of the offense charged. (Doc. 136 at 5, 7.)

Even assuming that counsel's conduct had been unreasonable, defendant has not offered evidence to prove that he was prejudiced by counsel's deficient performance. In order to establish the prejudice prong of an ineffective assistance of counsel claim, defendant must demonstrate that the outcome of his plea proceeding would have been different absent counsel's ineffective performance. See United States v. Booth, 432 F.3d 542, 546 (citing Hill v. Lockhart, 474 U.S. 52 (1985). Assuming *arguendo* that Attorney Hughes did not inform defendant of the nature and elements of the offense, the evidence of record does not support the conclusion that the outcome of the plea proceeding would have been different. In the plea hearing, the court requested that the United States Attorney place on the record a summary of the essential terms of the plea agreement and a summary of the facts. Defendant concurred with the accuracy of the summary of the terms and admitted to the facts without lodging any objections regarding his lack of knowledge of the nature or elements of the offense. (See Doc. 136 at 7, 16-17.) The court also extensively explained the consequences of the guilty plea to defendant. (Id. at 10-14.) Even if Attorney Hughes had not advised his client regarding the nature and elements of the offense, there is simply no evidence to support the contention that the outcome of the plea hearing would have been different because the evidence of record reflects that defendant had "sufficient awareness of the relevant circumstances and likely consequences" required to enter a knowing and voluntary plea. See Lessner,

6

498 F.3d at 192 (quoting Bradshaw, 545 U.S. at 183).   Accordingly, the court will deny

defendant's motion (Doc. 140) to  vacate, set aside, or correct his sentence pursuant to

28 U.S.C. § 2255.   An appropriate order will issue.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        June 19, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1-06-CR-0150** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **FRANCIS KENCIL REYES** | : | |

## ORDER

AND NOW, this 19th day of June, 2008, upon consideration of the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 140), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1.    The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §  2255 (Doc. 140) is DENIED.

2.    A certificate of appealability is DENIED.  See 28 U.S.C. § 2253.

　S/ Christopher C. Conner　　
CHRISTOPHER C. CONNER
United States District Judge